**Marie ADDOO, Plaintiff–Appellant,**

v.

**NYC BOARD OF ED., Defendant–Appellee.**

No. 07–0183–cv.

United States Court of Appeals, Second Circuit.

March 11, 2008.

Marie Addoo, New York, NY, pro se.

Cheryl Payer, Assistant Corporation Counsel (Stephen J. McGrath, Assistant Corporation Counsel, on the brief), Law Department of the City of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Marie Addoo appeals, *pro se*, from a judgment of the District Court entered on December 19, 2006, granting summary judgment to defendant, the New York City Board of Education ("BOE"), on plaintiff's claims of discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. See Marie Addoo v. New York City Board of Education*, No. 04 CV 2255(ARR)(LB) (E.D.N.Y. Dec. 18, 2006). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Addoo, an employee of the BOE since 1987, claims that her employer subjected her to a "pattern of harassment" after she became temporarily disabled in 2001 from leg injuries that exacerbated a pre-existing back condition. The alleged harassment included: (1) receipt of baseless negative performance evaluations, (2) assignment to a basement classroom, (3) transfer from Queens to the Bronx, and (4) not receiving salary increases to which she was entitled. In her complaint, Addoo alleges that the BOE's conduct constitutes employment discrimination on the basis of a disability in violation of the ADA and the Rehabilitation Act.[1]

The BOE moved for summary judgment and Addoo, then represented by counsel, opposed. The District Court ruled in favor of the BOE, holding that no reasonable juror could find that Addoo was disabled under the ADA. Assuming arguendo that Addoo's leg and back pain constituted an "impairment" for the purposes of the statute, the District Court concluded that it did not "substantially limit" any major life activity because the impairment was (a) not severe, (b) of limited duration, and (c) unlikely to have a permanent or long-term impact—indeed, Addoo herself described the condition as "temporary" in the complaint. *See Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir.2005) ("Factors to consider in determining whether a major life activity is substantially limited include: the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact."). Because Addoo could not prove

---

1. Addoo's complaint also invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, but there are no facts alleged in her complaint or set forth in the record indicating that Addoo suffered any discrimination on the basis of "race, color, religion, sex, or national origin," 42 USCS § 2000e–2(a)(1).

that her purported impairment "substantially limits one or more ... major life activities," 42 U.S.C. § 12102(2)(A), she could not prevail under the ADA, *see Capobianco,* 422 F.3d at 56 ("Not every impairment is a 'disability' within the meaning of the ADA; rather, there are two requirements: the impairment must limit a major life activity and the limit[ation] must be substantial.") (brackets in original), or under the Rehabilitation Act, *see* 29 U.S.C. § 794(d) (adopting ADA standards for determining employment discrimination on the basis of disability); *see also Bartlett v. N.Y. State Bd. of Law Exam'rs,* 226 F.3d 69, 78 n. 2 (2d Cir. 2000).

We agree with the District Court that, under the circumstances presented, Addoo could not establish that her leg and back pain constituted a substantial limitation on any major life activity. Accordingly, for substantially the reasons stated by the District Court, summary judgment in favor of defendant BOE was proper, and the judgment of the District Court is hereby AFFIRMED.